Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA #33143
Brian T. Peterson, WSBA #42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Christopher M. Alston
Chapter 11

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>NORTHWEST TERRITORIAL MINT, LLC<br><br>Debtor. | Case No. 16-11767-CMA |
| MARK CALVERT, as Chapter 11 Trustee of NORTHWEST TERRITORIAL MINT, LLC<br><br>Plaintiff,<br><br>v.<br><br>DIANE ERDMAN, an individual,<br><br>Defendant. | Adv. Proc. No.<br><br>COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS AND FOR TURNOVER OF ESTATE PROPERTY |

Mark Calvert, as Chapter 11 Trustee (the "Trustee") of Northwest Territorial Mint, LLC ("NWTM" or "Debtor") by and through counsel of record, K&L Gates LLP, for his claims against Diane Erdmann ("Erdmann" or "Defendant") alleges and avers as follows:

COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS - 1

K:\2070561\00001\20347_DCN\20347P28N9

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-01217-CMA    Doc 1    Filed 09/09/16    Ent. 09/09/16 13:20:41    Pg. 1 of 8

## I. NATURE OF THE ADVERSARY PROCEEDING

1. On April 1, 2016, the Debtor commenced this case by filing a voluntary petition under chapter 11 of the United States Bankruptcy Code. On April 5, 2016, the Debtor moved for the appointment of a chief restructuring officer. Dkt. No. 12. The following day, creditors Bradley Cohen and Cohen Asset Management, Inc., responded to the Debtor's motion and requested that the Court order the appointment of a chapter 11 trustee. *See* Dkt. No. 18. The United States Trustee also requested that the Court order the appointment of a chapter 11 trustee. *See* Dkt. No. 24. A hearing was held on April 7, 2016, at which time the Court ruled that it would appoint a chapter 11 trustee over the Debtor. On April 11, 2016, the Court entered an order appointing Mark Calvert as chapter 11 Trustee. *See* Dkt. No. 51.

2. Plaintiff brings this adversary proceeding pursuant to §§ 105(a), 502(b) and (d), 542, 544(b), 548, 550(a), 551, and 1107 of the Bankruptcy Code; the Uniform Fraudulent Transfer Act, RCW 19.40.011 et seq.; and other applicable laws, to set aside and recover certain fraudulent transfers made to Defendant and preserve said property for the benefit of NWTM.

## II. PARTIES

3. Plaintiff is the Chapter 11 Trustee of NWTM.

4. Diane Erdmann is an individual. Diane Erdmann is a transferee of fraudulent conveyances made by NWTM and/or is an individual for whose benefit such transfers were made.

## III. JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334(b) over the subject matter of this proceeding because the claims asserted herein arise under Chapter 11 of the Bankruptcy Code and are related to a case pending under the Bankruptcy Code in the Bankruptcy Court.

6. On information and belief, Defendant is subject to the jurisdiction of this Court by virtue of her contacts with the United States.

COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS - 2

K:\2070561\00001\20347_DCN\20347P28N9

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-01217-CMA    Doc 1    Filed 09/09/16    Ent. 09/09/16 13:20:41    Pg. 2 of 8

7. Core proceedings include proceedings to determine, avoid, or recover fraudulent conveyances and proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims. 28 U.S.C. § 157(b)(2)(H), (O). This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157 because it arises in or under the Debtor's Chapter 11 case and is a proceeding to determine, avoid, or recover fraudulent conveyances and it affects the liquidation of the assets of the estate. Regardless of whether this is a core proceeding, or if it is one that, although core, may not be adjudicated without consent to final judgment by a bankruptcy court, the Trustee consents to the entry of final orders and judgment by the Bankruptcy Court. Defendant is notified that Rule 7008(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") requires Defendant to plead whether this proceeding is core or non-core and, if non-core, whether consent is given to the entry of final orders and judgment by the Bankruptcy Court. Defendant shall also indicate whether he consents to entry of final orders or judgment by the Bankruptcy Court if this proceeding is one that, although core, may not be adjudicated without consent to final judgment by a bankruptcy court.

8. Pursuant to 28 U.S.C. § 1409(a), venue of this adversary proceeding in the Bankruptcy Court in the Western District of Washington is proper because NWTM's bankruptcy case is pending in this district.

## IV. FACTUAL ALLEGATIONS

9. At the time of its bankruptcy filing, NWTM billed itself as the largest private mint in the United States. As of April 1, 2016 it had approximately 240 employees located at facilities in six states. NWTM's business operations included custom minting of medals and commemorative coins as well as on-line and walk-in sales of precious metals and coins. Despite its size, and the breadth of its business, all facets of its operations were exclusively controlled by Ross Hansen, its 100% owner. Ross Hansen oversaw every aspect of NWTM's operations, and notwithstanding organization charts

COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS - 3

K:\2070561\00001\20347_DCN\20347P28N9

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-01217-CMA    Doc 1    Filed 09/09/16    Ent. 09/09/16 13:20:41    Pg. 3 of 8

showing different levels of management, every employee effectively reported directly to Ross Hansen.

10. Diane Erdman is the *de facto* wife of Ross B. Hansen ("Hansen"), the sole member of NWTM. Diane Erdmann and Ross Hansen have lived together since at least 2002.

11. Since at least 2007, Diane Erdmann maintained, in her personal name, an American Express Platinum Card account (the "Amex Account").

12. The Amex Account was used by Diane Erdmann to purchase goods and services for her personal benefit.

13. Between January, 2007, and April, 2016, Diane Erdmann used the Amex Account to purchase both business and personal items. Total charges on the Amex Account over this period exceed $12.4 million, of which over $1 million were for non-business purposes, including, but not limited to groceries, eBay purchases, clothing, travel and entertainment, and sporting goods.

14. During the period relevant to the claims asserted herein, NWTM paid all of the bills related to the Amex Account, including the charges arising from the purchase of goods and services that were for the benefit of Diane Erdmann (the "Erdmann Payment Transfers"). As a result of the charges on the Amex Account, which NWTM paid for, Dianne Erdmann was awarded millions of AMEX Membership Reward Points (the "Reward Points"), which can be redeemed for travel and shopping (the "Rewards Transfers" and together with the Erdmann Payment Transfers, the "Erdmann Transfers").

## V. FIRST CAUSE OF ACTION
**Action to Avoid Intentionally Fraudulent Transfers of Money and Other Property and Preserve Same for the Benefit of the Estate Pursuant to RCW 19.40.041(a)(1) and 19.40.071, and Bankruptcy Code §§ 544(b), 548, 550(a), and 551**

15. The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 14 as if fully set forth herein at length.

COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS - 4

K:\2070561\00001\20347_DCN\20347P28N9

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-01217-CMA    Doc 1    Filed 09/09/16    Ent. 09/09/16 13:20:41    Pg. 4 of 8

16. At all relevant times there were one or more creditors of NWTM who held and now hold unsecured claims against the NWTM that were and are allowable under Bankruptcy Code § 502 or that were and are not allowable only under Bankruptcy Code § 502(e).

17. The Erdmann Transfers were made with the actual intent to hinder, delay, or defraud creditors of NWTM.

18. As a result of the foregoing, pursuant to RCW 19.40.041(a)(1) and 19.40.071 and Bankruptcy Code §§ 544(b), 548, 550(a), and 551, the Trustee is entitled to a judgment: (a) avoiding and preserving the Erdmann Transfers, (b) directing that the Erdmann Transfers be set aside, and (c) recovering the Erdmann Transfers from Defendant for the benefit of the Meridian Investors Trust.

## VI.  SECOND CAUSE OF ACTION
**Action to Avoid Constructively Fraudulent Transfers of Money and Property and Preserve Same for the Benefit of the Estate Pursuant to RCW 19.40.041(a)(2), RCW 19.40.051(a), and RCW 19.40.071, and Bankruptcy Code §§ 544, 548, 550(a), and 551**

19. The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 18 above as if fully set forth herein at length.

20. At all relevant times there were one or more creditors of NWTM who held and now hold unsecured claims against NWTM that were and are allowable under Bankruptcy Code § 502 or that were and are not allowable only under Bankruptcy Code § 502(e).

21. NWTM did not receive value in exchange for the Erdmann Transfers.

22. NWTM was insolvent at the time it made the Erdmann Transfers or, in the alternative, NWTM became insolvent as a result of the Erdmann Transfers.

23. At the time NWTM made the Erdmann Transfers, NWTM was engaged in or was about to engage in a business or transaction for which the property remaining in its hands after the Erdmann Transfers was an unreasonably small capital.

COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS - 5

K:\2070561\00001\20347_DCN\20347P28N9

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-01217-CMA    Doc 1    Filed 09/09/16    Ent. 09/09/16 13:20:41    Pg. 5 of 8

24. At the time NWTM made the Erdmann Transfers, NWTM had incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay as the debts matured.

25. As a result of the foregoing, pursuant to RCW 19.40.041(a)(2), RCW 19.40.051(a), and RCW 19.40.071 and Bankruptcy Code §§ 544(b), 548, 550 and 551, the Trustee is entitled to a judgment: (a) avoiding and preserving the portion of the Erdmann Transfers, (b) directing that the Erdmann Transfers be set aside, and (c) recovering the Erdmann Transfers from Defendant for the benefit of NWTM.

## VII. THIRD CAUSE OF ACTION
**Action to Recover the Erdmann Transfers under Principles of Unjust Enrichment and Restitution**

26. The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 25 above as if fully set forth herein at length.

27. At the time NWTM made the Erdmann Transfers, NWTM was engaged or was about to engage in a business or transaction for which the property remaining in its hands after each of the Erdmann Transfers was an unreasonably small capital.

28. Under such circumstances, retention of the Erdmann Transfers would constitute unjust enrichment and NWTM is entitled to restitution of the full amount of the Erdmann Transfers to the Defendant, plus interest.

## VIII. FOURTH CAUSE OF ACTION
**Imposition of constructive trust**

29. The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 28 above as if fully set forth herein at length.

30. The Court should establish a constructive trust over the Reward Points for the benefit of the bankruptcy estate of NWTM.

COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS - 6

K:\2070561\00001\20347_DCN\20347P28N9

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-01217-CMA    Doc 1    Filed 09/09/16    Ent. 09/09/16 13:20:41    Pg. 6 of 8

## IX. FIFTH CAUSE OF ACTION
### Turnover

31. The Trustee repeats and realleges each and every allegation contained in paragraphs 1 through 30 above as if fully set forth herein at length.

32. The Reward Points are property of the bankruptcy estate pursuant to 11 U.S.C. §541.

33. Pursuant to 11 U.S.C. §542, any person in possession, custody, or control of property of the estate must turnover such property to the Trustee.

## X. PRAYER FOR RELIEF

**WHEREFORE,** the Trustee respectfully requests that this Court enter an order and judgment in favor of the Trustee and against the Defendant as follows:

1. On the First Cause of Action, pursuant to RCW 19.40.041(a)(1) and 19.40.071, and Bankruptcy Code §§ 544(b), 548, 550(a), and 551, (a) avoiding and preserving the Erdmann Transfers, (b) directing that the Erdmann Transfers be set aside, and (c) recovering the Erdmann Transfers, or the value thereof, from Defendant for the benefit of NWTM;

2. On the Second Cause of Action, pursuant to RCW 19.40.041(a)(2), RCW 19.40.051(a), and 19.40.071, and Bankruptcy Code §§ 544(b), 548, 550, and 551, (a) avoiding and preserving the Erdmann Transfers, (b) directing that the Erdmann Transfers be set aside, and (c) recovering the Erdmann Transfers, or the value thereof, from Defendant for the benefit of NWTM;

3. On the Third Cause of Action, recovery of the Erdmann Transfers, or the value thereof, from Defendant for the benefit of NWTM;

4. On the Fourth Cause of Action, imposition of a constructive trust, for the benefit of the estate, over the Reward Points.

5. On the Fifth Cause of Action, an order directing Defendant to immediately turnover the Reward Points to the Trustee.

COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS - 7

K:\2070561\00001\20347_DCN\20347P28N9

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-01217-CMA    Doc 1    Filed 09/09/16    Ent. 09/09/16 13:20:41    Pg. 7 of 8

5. On all Causes of Action, awarding Plaintiff prejudgment interest from the date on which the Erdmann Transfers were made at the statutory rate of 12 percent per annum;

6. Awarding Plaintiff all applicable costs, fees, and disbursements of this action permitted by law; and

7. For such further relief as the Court deems just, proper, and equitable.

DATED this 9th day of September, 2016.

K&L GATES LLP

By: */s/ David C. Neu*
    Michael J. Gearin, WSBA # 20982
    David C. Neu, WSBA #33143
    Brian T. Peterson, WSBA #42088
Attorneys for Mark Calvert, Chapter 11 Trustee

COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS - 8

K:\2070561\00001\20347_DCN\20347P28N9

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-01217-CMA    Doc 1    Filed 09/09/16    Ent. 09/09/16 13:20:41    Pg. 8 of 8