1        UNITED STATES BANKRUPTCY COURT

2      WESTERN DISTRICT OF WASHINGTON AT SEATTLE

3

4   _____

5   IN RE:                              )

6   NORTHWEST TERRITORIAL MINT, LLC,    )

7            Debtor.                    )    16-11767-CMA

8   _____)

9   MARK CALVERT, as Chapter 11 Trustee of  )

10  NORTHWEST TERRITORIAL MINT, LLC,    )

11          Plaintiff,                  )

12     v.                               )    A16-01217-CMA

13  DIANE ERDMANN, an individual,       )

14          Defendant.                  )

15  _____

16    PARTIAL TRANSCRIPT OF THE DIGITALLY RECORDED PROCEEDINGS

17       BEFORE THE HONORABLE CHRISTOPHER M. ALSTON

18                DECEMBER 1, 2016

19                (RULING ONLY)

20  _____

21

22

23

24

25  PREPARED BY:  SHARI L. WHEELER, CCR NO. 2396

1                    A P P E A R A N C E S

2

3

4    FOR THE PLAINTIFF:

5         DAVID C. NEU

6         K&L Gates, LLP

7         925 Fourth Avenue, Suite 2900

8         Seattle, Washington 98104

9         206.623.7580

10        david.neu@klgates.com

11

12   FOR THE DEFANDANT:

13        DOMINIQUE R. SCALIA

14        DBS Law

15        155 NE 100th Street, Suite 205

16        Seattle, Washington 98125

17        206.489.3818

18        dscalia@lawdbs.com

19

20

21

22

23

24

25

1          SEATTLE, WASHINGTON; DECEMBER 1, 2016

2                         --oOo--

3          (Other proceedings took place.)

4                      * * * * * * *

5          THE COURT:  Let me go through, specifically, the

6    issues I have here.

7              There are no factual allegations to support the

8    general conclusion that the Erdmann transfers were made with

9    the actual intent to hinder, delay, or defraud creditors.

10             You need to allege facts with particularity as

11   to every single one of the transfers that could lead a trier

12   of fact to find that that was the actual intent.  The

13   requirement necessarily means that the trustee must identify

14   each transfer he seeks to avoid.

15             You identified three badges of fraud, but two of

16   them are badges relating to the elements of constructive

17   fraud.  I will note, in a moment, why those are not

18   sufficient.  But as the Brown Medical Center case -- 552 B.R.

19   165 (S.D. Texas 2016) -- noted, pleading the existence of just

20   these two badges is not sufficient to plead actual fraud.  And

21   while the complaint does allege that Ms. Erdmann is the de

22   facto wife of the owner of the Mint, the complaint does not

23   actually allege that she is an insider.  Nor does the

24   complaint actually connect the alleged insider status to the

25   allegation that every transfer was done with an intent to

1  defraud creditors.

2          With respect to the constructive fraud issues,

3  Iqbal and Twombly -- and I won't go through all that.  It's

4  identified, and the parties are well aware of that.  They

5  require the plaintiff to allege facts from which a trier of

6  fact could find that each of the elements is present.

7          The complaint alleges that the Mint did not

8  receive value in exchange for the Erdmann transfers, but there

9  are no factual allegations that would support that contention.

10          The same thing with the allegation that the Mint

11  was insolvent at the time it made each transfer, or that the

12  Mint was engaged in or about to be engaged in a business or

13  transaction for which the property remaining in its hands was

14  unreasonably small.  No factual allegations.

15          The allegation that the Mint incurred, was

16  intending to incur, or believed it would incur debts beyond

17  its ability to pay at the time of each transfer.  Again, no

18  factual allegations.

19          So both the actual fraudulent transfer claim and

20  the constructive fraudulent transfer claim are not

21  sufficiently pled.

22          I do agree with the trustee, that the golden

23  creditor -- that is what you need to prevail under the strong

24  arm powers of Section 544 -- does not need to be named in the

25  complaint.  While there's nothing binding in this circuit, I

1  believe the cases that do rule on that, including In re Image

2  Worldwide, 139 F.3d 574 (7th Cir. 1998), provide that the

3  trustee need not name the creditor, so long as the unsecured

4  creditor exists.  And I know the trustee is aware of his

5  obligations under Bankruptcy Rule 9011 and is not going to

6  make the allegation unless he has a good-faith belief that

7  such creditor or creditors exist.

8          With respect to the third cause of action, for

9  unjust enrichment and restitution, this cause of action relies

10 on the allegation that at the time the Mint made the Erdmann

11 transfers, the Mint was engaged in or was about to engage in a

12 business or transaction for which the property remaining in

13 its hands, after each of the transfers, was unreasonably

14 small.  As noted above, the recital of this element for a

15 constructive fraudulent transfer claim was made without any

16 supporting allegations.  Thus, the third cause of action has

17 not been sufficiently pled.

18         The fourth cause of action is for constructive

19 trust.  Again, really no factual allegations made.  Just a

20 reliance on the prior factual allegations that are deficient.

21 So the fourth cause of action has not been sufficiently pled.

22         The fifth cause of action is for turnover.

23 Again, no factual allegations.  Just a legal conclusion and a

24 statement of the desired remedy.  The fifth cause of action is

25 not sufficiently pled.

1    I understand the trustee's position, that this

2    is a simple case and the defendant knows the nature of the

3    allegations against her.  But the rules and the case law

4    require more in the complaint.  The trustee needs to allege

5    facts that would support the claims asserted.

6    Now, I'm going to grant the motion, but the

7    dismissal is going to be without prejudice --

8    MR. NEU:  Right.

9    THE COURT:  -- not surprisingly.  Clearly, the

10   trustee is going to get an opportunity to file an amended

11   complaint.  And 21 days -- is that going to be sufficient?

12   MR. NEU:  More than sufficient, Your Honor.  I

13   think we can have it on file next week.

14   THE COURT:  Okay.  Let's move this along, then.

15   So next week is fine.  I'll enter the order -- actually,

16   Ms. Scalia, if you could prepare an order that basically says

17   that the motion is granted, the complaint is dismissed without

18   prejudice, but the trustee is granted leave of 21 days to file

19   an amended complaint in this adversary proceeding.  If the

20   trustee does not file and serve an amended complaint within

21   that time period, the defendant may submit an ex parte order

22   dismissing the lawsuit without prejudice.

23   It doesn't sound like that's going to happen.

24   MR. NEU:  No.  It will not happen, Your Honor.

25   THE COURT:  All right.  That's a long way of

1    saying that we're going to try this again.

2                    All right.  Thank you, Mr. Neu.

3                    Thank you, Ms. Scalia.

4                    MR. NEU:  Thank you, Your Honor.

5                    MS. SCALIA:  Thank you, Your Honor.

6

7                    (The proceedings in this matter were concluded.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CERTIFICATE

1

2

3    I, Shari L. Wheeler, court reporter and court-approved

4  transcriber, certify that the foregoing is a correct

5  transcript from the official electronic sound recording of the

6  proceedings in the above-entitled matter.  Some editing

7  changes may have been made at the request of the Court.

8

9    These pages constitute the original or a copy of the

10  original transcript of the proceedings, to the best of my

11  ability.

12

13    Signed and dated this 5th day of December, 2016.

14

15

16                    by /s/ Shari L. Wheeler

17                    SHARI L. WHEELER, CCR NO. 2396

18

19

20

21

22

23

24

25